Your union, your union, your union, Ms. Honorable Michelle Thornton of the 2nd New Mission District is now back in session for some adjournment. Ms. Susan F. Hutchinson presents. Please be seated. Remember, this case on the left, 2-15-1043. And Ms. Peacock and the defendant, Ms. Kathleen Waldeck, arguing on behalf of the defendant's appellant, Mr. Travis Dunn. Arguing on behalf of the defendant's attorney, Mr. John Skolkowski. Mr. Dunn, whenever you are ready, you may proceed. May it please the court, my name is Travis Dunn, I represent the appellant and Ms. Peacock. I want to briefly address the facts in this case because I believe that in a motion for summary judgment, the facts are important and relevant here. The defendant in this case, in her answer, admitted several things that are extraordinarily relevant here. She admitted that she was driving behind the vehicle of the plaintiff. She admitted that her vehicle contacted the rear of the vehicle driven by the plaintiff. She admitted that there were no visual obstructions preventing her from having a clear view of the plaintiff's vehicle. And most importantly, it is admitted in that answer that the defendant lacked the knowledge of whether the plaintiff was stopped in traffic at the time of the accident. That's very important, isn't it, counsel, the last point you made? I believe so in that... In view of the Dead Man's Act? Yes, and part of the reason that I want to emphasize these facts is that the Dead Man's Act, it limits the universe of what is potentially admissible in this case. It limits the universe of what can be used to prove negligence. But the standard here is still the standard of summary judgment. And in evaluating the facts in this motion for summary judgment, it is necessary to look at cases with similar fact patterns to draw from the inferences and the reasonable assumptions which might be made by a trial or fact in evaluating summary judgment. So I guess the issue then is what can your client say not related to the actual accident, but what are the facts that she can identify that would not violate the Dead Man's Act? The... I should say that... Can you clarify, are you asking for potential facts that my client can bring forward? No, I mean, the issue apparently is whether she was stopped or not stopped, and that's the accident, allegedly. But what can she, as in Rarick, what can she testify to that would not need to be refuted by the defendant if she were still alive, or that she could refuse, rather, if she were still alive? What can she say that doesn't need any additional discussion? I think they're... Could they agree it's a clear day? I mean, your client would say it's a clear day. My client could testify to that, not at the time of the accident, not what happened in the presence of the defendant. Correct. But she could testify to the fact that it's a clear day. And I want to be careful, Your Honors, in not speculating as to the potential testimony of my client. What is at issue here is whether this summary judgment was appropriate based on whether or not it was possible that a potential prior of a fact in the case could reasonably find for negligence here. Excuse me. The standard isn't possible. It's probable. It's not probable versus possible. It's not possible that it's required. It's probable. Isn't that correct, Counsel? Based on this Argueta versus, I don't know if I'm pronouncing it correctly, Krivakas case, 2011, Illinois appellate first, 102-166? I understand that in Argueta there was the standard that was used as to whether a prior of fact would find it possible, I'm sorry, probable versus possible. Once the burden shifted back to the plaintiff, the plaintiff needed to establish that it was more probably true than not true that the decedent was negligent in a fashion that he, in that case, approximately caused the accident. That would be the same standard we'd need to use here, correct? And that is the standard that should be used here, yes, correct. However, I want to put the emphasis on the facts here. In Argueta, the issue was whether an accident, which had been essentially caused at a traffic signal and there was disagreement over or potential disagreement over the state of that traffic signal at the time of the accident. If you look to cases of rear-end collisions, I believe that the inferences as to what is possible and what is probable are very different than in the factual situation of Argueta. If you look to cases like Rerack or Fabchutz or Thomas, the inferences which can be drawn from facts in rear-end collisions are different than the situation in Argueta. Now, addressing Fabchutz and Thomas directly, I would like to point out that although they do assert that the mere fact of a rear-end collision is not enough to support a finding of negligence, and I am not asserting that. I want to be clear that we are not talking here about a finding of negligence. In Thomas and Fabchutz both, the trial had already occurred. What they were requesting in asserting those inferences, those probabilities, was that they were trying to overturn the verdict. They were trying to get a judgment notwithstanding the verdict. I think that in comparing the cases, the standard in evaluating the universe of facts which is available under the Dead Man's Act in a summary judgment should necessarily be different than the standard which is used in something like a request for a judgment notwithstanding the verdict. The standard of proof is simply different. Yes, it must be shown that it is more probable than possible. So what evidence did the plaintiff tender to the judge that made the negligence of the defendant more probable as a cause for the plaintiff's injuries than made him non-negligent? The pleadings can be used for evidence here in evaluating the summary judgment motion. Are you saying the facts that you talked about, the fact that the car was behind, contacted the rear of the car, had an unobstructed view, is that enough? I wouldn't say that that's enough on its own. However, the assertions made in the complaint by the plaintiff that she was stopped in traffic, that she wasn't moving in general going up to the accident and to which the defendant admits that they lacked knowledge of the situation of the traffic itself, those are inferences, circumstantial information that can be used to find that it is more probable than merely possible that the accident was a result of the negligence of the defendant. I'm sorry. The last point, I missed some of it. So you're saying the inference that they had no knowledge of whether the plaintiff was stopped at a light can be used to infer that negligence was probable? The lack of knowledge, are you including that fact? I am including that fact as it was part of the answer to the complaint by the defendant that they lacked knowledge of the state of the traffic at the intersection that the accident occurred at. And what do you infer from that fact? I infer from that fact that the plaintiff would be able to testify to the assertions which are made in the complaint as to the state of traffic at the time, as to the state of her vehicle up to the point that the defendant is able to assert the Deadlines Act as a prevention of that testimony. Isn't the issue whether or not the defendant could refute the evidence that's proposed on the plaintiff's complaint and testimony? I'm sorry? Is the issue whether or not the defendant would have been in a position to refute the evidence? Yes, that's an accurate characterization of evidence and testimony that would be barred by the Deadlines Act. However, the defense to my knowledge has not necessarily made the specific assertions as to what evidence and testimony would be barred by that to reach a level that makes it, that prevents a finding that it is probable that the negligence of the defendant is the cause of this accident. Again, I would point to RERAC as a case where a very similar factual circumstance, it was found that the summary judgment was inappropriate and it was overturned. Could your client testify, if this case were to go forward, that her brakes were working? It's not one of your allegations, but if you were looking at a case like RERAC, could your client testify? Outside of the presence of the defendant, because that has not been asserted. Can she testify that her vehicle was stopped for a period of time prior to the accident? Or is this a case where she had just stopped? Again, that is testimony that would be offered. However, I would argue that it would be incumbent upon the defense in a setting different from summary judgment motion to make the objections under the Deadlines Act that would prevent such testimony, if possible or necessary. Well, he did bring the Deadlines Act as a defense, and the trial court accepted that. You want more specific? Well, if you don't make specific allegations, how can he address specific allegations? And that is why I'm arguing, and I believe that summary judgment specifically was inappropriate here. You're being asked to prove our case at a stage where it simply would be impossible to anticipate the specific objections under the Deadlines Act that would occur to specific evidence or testimony. Well, you were right. That's why you look at the complaint. Your complaint does not talk about the two things that I've just raised. Your complaint says that she was stopped at a stoplight, but it doesn't say for how long. Your complaint doesn't – well, your complaint talks about a clear view that would be out. You know, no obstruction to her vehicle and the defendant's vehicle. Maybe the issue is your complaint was not specific enough because summary judgment is summary judgment no matter how you use it or where you use it. There's nothing that I'm aware of in the statute, the summary judgment statute, that says you cannot use it if one of the parties has died. Correct? Correct, Your Honor, and that was something that has specifically been addressed in the case law, the Deadlines Act, and the point of summary judgment. I'd like to be clear that that's not something that we're contesting at all here. What we're contesting is the finding that summary judgment was appropriate in this specific rear-end collision where despite the alternative theories that were offered and explanations that were offered in the response of the defense to this appeal, unlike in Thomas, unlike in Fatshitz, unlike in Argueta, there have not been mitigating factors to the potential negligence of the defendant that was offered, unlike in Fatshitz where they spoke about the wet leaves on the road and the implications that that might have on the accident itself, whereas even in Argueta, after speaking of the necessity that a near-happening accident does not necessarily point to negligence, it immediately goes into a discussion of the specific facts of that case, which is that it was impossible for the plaintiff in Argueta to testify as to whether the light was red or green. That was a, I believe, determining factor in that case, and I would argue that the inferences that may be drawn from what is possible and what is probable in a rear-end collision where the defendant has admitted that they had an unobstructed view of the plaintiff's vehicle, they admitted that they were driving behind the plaintiff, they admitted that they collided with the plaintiff, and they admitted that they could not speak to the state of the traffic prior to the accident, I would argue that the, in this case, it is indeed more probable that negligence of the defendant was the cause of the accident, or at the very least, it was probable enough under the standard that Argueta sets down that summary judgment is inappropriate. Are there any further questions, Your Honor? No, you don't have an opportunity to respond. Thank you. Mr. Skosky. Thank you. Good morning. Good morning. On behalf of Defendant Epperly Martin Walduck, a special representative of Kathleen Walduck, my name is John Skosky, and I thank you for the opportunity to address the court. I will be extremely brief, perhaps growing up with five sisters, stress that, and I think this case is quite simple, and I think the justices have already keyed in on the specific and critical issue in this case. The appellant has used words such as inferences, information, and circumstantial. One of the words that he did not use that I think is important in looking at this case is the word evidence and also what is in the record. In this particular case, as Mr. Dunn has stated and the justices have said, that there is no dispute that the Oh My Dead Man's Act applies, and that it applies in the context of a motion for summary judgment, and that it can apply in a motor vehicle accident case, and that it can't apply in a rear-end motor vehicle accident case. So that's not in dispute. The arguetta case, and I may be mispronouncing it also, versus Kravikas, also without dispute, states that the act bars from testifying, bars the plaintiff, where the defendant is the decedent. The act bars the plaintiff from testifying to facts within the decedent's presence, including the speed and the operation of the decedent's vehicle, any warnings the decedent provided or failed to provide. The decedent's alleged failure to control his vehicle and his alleged failure to keep a proper and sufficient lookout for the adverse vehicles. As Justice Hutchinson was saying, well then what can the plaintiff possibly present in this case? And I would submit not much. I don't know because I don't represent her, but I also know the record in this case is utterly devoid of any evidence that plaintiff could have submitted that Judge Popejoy, as pursuant to the hearing that was recorded, the motion for summary judgment, was beseeching plaintiff, give me some evidence, give me something. But what about the ticket that was given for unreasonable speed, given the conditions, no horn being used, and failure to reduce speed? Would that qualify? And if not, why not? Not unless there was a guilty plea. The case law is clear that the actual issuance of a ticket by a post-occurrence witness, such as a police officer, is inadmissible. So the police officers obviously didn't view the accident firsthand? No. Now, had plaintiff in this case given something like an affidavit or taken the deposition of his own plaintiff and given some factors such as the condition of her bumper before the accident and then the condition of the bumper after the accident, that's something in the RERAC case that was submitted. The plaintiff in RERAC did have a deposition of his own client. I know because I took that deposition. My name is on the RERAC case. Every 25 or so years I get one of these cases and I'm very familiar with the facts. Judge Polkjoy asked plaintiff, please give me some evidence in this case so I cannot impose what otherwise might be considered a draconian measure. Now, counsel did mention that in interrogatories or something that your client had produced prior to her death, she had made certain statements, I don't recall exactly what they were, that she had a clear and unobstructed view, I think was one of them, and something about traffic or not. She didn't know. What she didn't know is if the plaintiff was stopped, but she did make admissions, so to speak, of certain other factors just before the accident. There were no answers to interrogatories, I believe, in the record of proceedings by my client. There were some by the defendant, by the plaintiff, that I submitted to prove that there were no other witnesses, just like in the Arguetta case. There are no other witnesses, and the Dead Man's Act applies. That's where the burden shifted. I believe what you're referring to, Your Honor, is the complaint, the answer to the complaint. In the answer to the complaint, there were some admissions, but nothing to do with negligence. In other words, the admissions in the answer, which I drafted, and I know exactly what my client admitted to, there was no admission of anything negligent, of any negligent acts, and there was actually a very clear disavowal and denial of any negligence in the subcategories A through B, I think of Paragraph 8, and a denial of any and all negligence in Paragraph 9. That was purposeful. My client was ill. She was sickly. She wound up, obviously, passing away. She never gave a deposition, and under the rules that govern pleadings, which are merely allegations and not evidence, she made no admissions that in any way, shape, or form could be considered an admission as to the negligence. Judge Popejoy, recognizing, hey, let's look at the answer to the complaint, did plaintiff file a verified complaint, looking for some way to get around what he thought would be a draconian institution of a granting of a motion for summary judgment, and went carefully in the report of proceedings, went through it paragraph by paragraph, allegation and allegation, and there is no admission of any negligence by my client. But now, in the answer, there is this one statement that she had no knowledge of whether the plaintiff's vehicle was stopped at the light. Yes. So should the Dead Man's Act operate to preclude testimony on the part of the plaintiff as to matters that the defendant says, I have no knowledge about? Well, I believe it should. It's also a protection, as we know, when the act was passed way back when, to protect the estate. And the special representative can assert that privilege to prevent, in this case, the plaintiff from stating something that she didn't necessarily proffer to the trial court with any evidence. So I would say, yes, that would afford that protection. And, in fact, if we look at our view of it, if I could just direct the Court's attention very briefly, I did promise to be brief. The act bars plaintiff from testifying to facts within the decedent's presence, including the speed and operation of the vehicles and warning. So I think that's a recent case where the appellate court looked at that, and that's a somewhat broad-based application, again, to protect. I want to shift gears if I can and make one last point. Certainly I'll take any questions. But in this case, there's a procedural aspect that's very important. The procedural aspect is the burden. Once the Dead Man's Act applies, which we know it does, once there's no other witnesses, which you know by plaintiff's own answers and interrogatories, there's no one left to witness the incident other than the plaintiff, a defendant in a negligence suit is entitled to summary judgment if he can demonstrate that the plaintiff has failed to establish a factual basis for one of the required elements of a cause of action for negligence. That's Smith v. Triar-Vending. That's the citation from Argueta. As Mr. Dunn acknowledged and admitted, the mere happening of an accident does not entitle a plaintiff to recover. And here's the quote I'd like to stress. A plaintiff must come forward with evidence of negligence on the part of the defendant and with evidence that the defendant's negligence was an approximate cause of plaintiff's injuries. It's not enough, as Mr. Dunn asserts, to have an inference, to have an alternative theory. Plaintiff had full opportunity to produce an affidavit to take the deposition of the police officer and say what was the condition of the car before or after, or to get that information through the plaintiff. So the test of summary judgment, I'm reading straight out of Argueta, is the same as the test for a motion for a directed verdict. Although plaintiff need not prove his entire case at the summary judgment stage, he must introduce evidence that would support a finding in his favor. I submit plaintiff completely failed to carry her burden in this case. And despite Judge Popejoy, I use the word beseeching because I don't get to use it often, but I think that's what he was doing. He was trying to help the plaintiff out at the trial court. He said, quote, what have you given me in response to the motion for summary judgment? Because I'm going to construe pleadings, depositions, admissions, and affidavits that are on file. What else did you give me other than the pleadings? I don't have any depositions. I don't have any admissions. I don't have any affidavits. You, speaking as a plaintiff, chose not to submit any of those in your response. So what else do I have? That's this case in a nutshell. It's a procedural failure of plaintiff with full ability to produce an affidavit of the plaintiff, to produce any evidence of anyone else. Now, in the RERAC case, again, I have to quickly mention, since I was the attorney who took the depositions in that case, it is different. Yes, the motion for summary judgment was granted by Judge Patty McNamara. Thank you very much. Yes, the appellate court took it away from me. That's life. Why did they take it away from me in that case? Because they had evidence and they had testimony. In RERAC, plaintiffs submitted plaintiff's testimony regarding overall mechanical condition of plaintiff's automobile before and after the incidents, as Justice Hutchinson was focusing on. Also, plaintiff submitted the functioning of the brake light. We don't have that here. Plaintiff submitted the weather condition. In this one, one of the justices, I believe it was Justice Hutchinson, focused on this. He submitted plaintiff's vehicle stopped for two minutes, and that plaintiff had his foot on the brake pedal continuously. There's other factors that the plaintiff submitted in sworn testimony. In the RERAC court, the appellate court, taking away the motion for summary judgment, had a finding that said all of the aforementioned testimony taken in tandem with the admission of the decedent that a rear-end appendix automobile could allow for a jury to find that the decedent was negligent. That's not this case. Plaintiff has failed to submit any evidence. Plaintiff has failed to do anything, despite Judge Popejoy's beseeching, to meet the bare standard where he must introduce evidence. Again, not prove this case. He must introduce evidence. For that reason, I would ask that you uphold Judge Popejoy's well-reasoned motion for summary judgment granted. Thank you very much. Thank you very much for your attention. Mr. Dunn. Thank you, Your Honors. I would like to emphasize the fact that circumstantial evidence is still evidence. The inferences which can be reasonably drawn from established facts in the case admittedly What are the established facts and how did you establish them? The facts which were established by the defendant in their answer to our complaint, Your Honor. What are they? Again, I'm going through them again. That the defendant was driving behind the plaintiff. That the defendant had an unobstructed view of the plaintiff's vehicle at the time of the accident. That the defendant's vehicle came in contact with the rear of the plaintiff's vehicle. And that the defendant lacked knowledge of the fact or not fact that the plaintiff was stopped in traffic at the time of the accident. Those are, I would say, facts here. They are things which the parties have themselves agreed upon. And I would argue that in the circumstance of a rear-end collision, that those facts are sufficient to overcome a motion for summary judgment. The defense has not presented an equivalent fact pattern where a motion for summary judgment was upheld here. They've presented facts which speak about rear-end collisions after the verdict has already occurred, after the trial has already occurred. They've presented fact patterns where the mechanics of the accident itself were completely different. And just briefly addressing RERAC and the body of evidence that was considered by the court in that case. Asserting that, yes, in that case it was depositions that were taken. And that was part of what was at issue there was what evidence could actually be used in evaluating the summary judgment motion as part of, from those depositions. But in this case, unfortunately, a deposition didn't occur before the motion for summary judgment was granted. Well, a deposition of whom? The defendant or your client? Either, Your Honor. Well, your client could have still provided an affidavit of the facts that she was specifically aware of that didn't address the accident per se about the condition of her vehicle, the fact that it wasn't damaged before this whatever occurred, the fact that it was in good working order and things like that. She never submitted that, correct? Correct, Your Honor, and that point is well taken. However, in this case, under the facts that we have before us, I don't think that part of the purpose of the Dead Man's Act, as the defense asserted, is to protect estates. I don't believe that that's necessarily a relevant consideration here because the suit was filed prior to the death of the defendant. The other purpose is to essentially preserve judicial economy in cases where the Dead Man's Act will prevent a case from being successfully litigated past the stage of summary judgment. This case was not at that point. I'm not arguing that a lack of evidence is a reason for overturning a summary judgment motion. That isn't what I'm saying. However, I am saying that the full body of evidence which is available to the plaintiff was not explored, even in light of the Dead Man's Act, prior to the granting of this motion for summary judgment. And I believe that the facts which were here, the evidence which was here, the pleadings which need to be taken into consideration for summary judgments, is enough to allow a reasonable trier of facts to find that it was probable that negligence occurred. And I believe that that's something that would be better evaluated by a full process of before a trier of fact rather than summary judgment. Okay, but once the defendant here died, nothing else was going to be established in terms that couldn't have been established already. I mean, there were lots of things that your client could have done almost immediately. Have her vehicle checked, have somebody testify, you know, if she wasn't the only driver that I drive the vehicle to. And when she took the vehicle, there was no damage to it. There are lots of things she could have put together prior to the death of the defendant. So why is it not the responsibility of the plaintiff to have gotten that together? It is always the responsibility of the plaintiff to prove their case. Again, that's not what is at issue here, however. What is at issue here is, was this particular summary judgment motion well granted? Anything further? Thank you very much. Thank you, Your Honor. All right, gentlemen, thank you for your arguments this morning. We will take the matter under advisement. We're going to take short recess and prepare for our next case. Thank you.